

ENTERED
DEC 16 2005
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION
BY _____ DEPUTY

Priority ✓
Send ✓
Enter ✓
Closed ✓
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

FILED
CLERK, U.S. DISTRICT COURT
DEC 16 2005
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION   BY DEPUTY

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

FILED
DEC 19 2005
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By _____ Deputy

DOCKETED ON CM
DEC 16 2005
BY _____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS M. SLOAN,<br><br>     Plaintiff,<br><br>  v.<br><br>CHUGACH EARECKSON SUPPORT SERVICES JV,<br><br>     Defendants. | Case No. EDCV 05-756-VAP(SGLx)<br>A05-0295CV(JWS)<br><br>[Motions filed on September 12, 2005]<br><br>ORDER (1) GRANTING DEFENDANT'S MOTION TO TRANSFER CASE PURSUANT TO TITLE VII (2) DENYING DEFENDANT'S MOTION TO DISMISS PURSUANT TO TITLE VII (3) AND DECLINING TO RULE ON ALL OTHER MOTIONS |

The Court has received and considered all papers filed in support of Defendant's Motion to Dismiss or Transfer pursuant to Title VII, Motion to Dismiss for Lack of Personal Jurisdiction or in the Alternative, Stay or Transfer Based on Improper Venue and/or Forum Non Conveniens. The Motions are appropriate for resolution without hearing. See Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons set forth below, Defendant's Motion to Transfer pursuant to Title VII is GRANTED.

1  Defendant's Motion to Dismiss pursuant to Title VII is
2  DENIED.  The Court declines to rule on all other Motions.
3
4                    I. BACKGROUND
5     Pro se Plaintiff filed this action against Defendant
6  Chugach Eareckson Support Services ("CESS") on August 12,
7  2005.  The brief Complaint states that it is being
8  brought under "Title VII of the Civil Rights Act of
9  1964."
10
11    Plaintiff alleges that Defendant "made working
12 conditions intolerable."  [Complaint ("Compl.") at 1.]
13 He claims that "sexual harassment, racial discrimination,
14 and violent assault were encouraged" by Defendant.  [Id.]
15 He further claims that he was "violently assaulted and
16 wrongfully terminated" for reporting criminal acts to law
17 enforcement.  [Id. at 1-2.]  Plaintiff finally alleges
18 that Defendant defamed him and committed identity theft.
19 [Id. at 2.]
20
21    On September 12, 2005, Defendant filed a Motion to
22 Quash Service of Summons and to Dismiss Based on Title
23 VII and Lack of in Personam Jurisdiction or in the
24 Alternative, Stay or Transfer Based on Improper Venue
25 and/or Forum Non Conveniens.  Defendant set a hearing
26 date of December 12, 2005.  On September 12, 2005, the
27 Court took the matter off calendar because the matter is
28

appropriate for resolution without hearing pursuant to Local Rule 7-15. Plaintiff never filed an Opposition to Defendant's Motion.

**II. Motion to Dismiss or Transfer Under Title VII**

Defendant argues, under the venue provision of Title VII the Civil Rights Act of 1964, that this Court is the improper venue to hear this case. [Defendant's Motion ("Mot.") at 3-4.] In a motion to dismiss for improper venue, the Defendant bears the burden of showing improper venue. Myers v. Am. Dental Ass'n, 695 F.2d 716, 724 (3d Cir. 1982).

Title VII's venue provision, in pertinent part, states:

> Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

3

1 | 42 U.S.C. § 2000e-5(f)(3).

Plaintiff, in his only reference to where he was allegedly harmed, says that the commanding general of the Air Force Installation at which he was employed "appointed me by name to an action pannel [sic] to address serious issues, concerning the G.M.D. work force on Shemya Island, Alaska."

Defendant provides a sworn declaration from Barney Uhart, president and CEO of Chugach Alaska Corporation, parent company of Chugach Development Corporation, which is the majority owner of CESS. [Declaration of Barney Uhart ("Uhart Decl.") ¶ 1.] Uhart asserts that CESS' employees worked at CESS' office in Anchorage, Alaska, or at Eareckson Air Station, Alaska on Shemya Island. [Id. ¶¶ 3-4.] Uhart also declares that he is "informed" and "believe[s]" that Plaintiff's work for CESS was performed solely within Alaska. [Id. ¶ 10.]

Here, because Plaintiff has presented no assertions or allegations countering Defendant's declaration, the Court holds that Defendant has met its burden in showing improper venue.

Title VII's venue provision does not state the proper remedy should a court find that an action was brought in

4

an improper venue. 42 U.S.C. § 200e-5(f)(3). Federal courts, in considering the proper remedy, have consulted 28 U.S.C. § 1406(a), which lays out the cure for improper venue in general:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a).

In Minnette v. Time Warner, 997 F.2d 1023, 1025 (2d Cir. 1993), the plaintiff sought but failed to get a job in Reston, Virginia. She then filed a Title VII action in the Western District of New York. Id. The court agreed that, under 42 U.S.C. § 2000e-5(f)(3), venue was improper in the Western District of New York. Id. at 1026. But the court overturned the district court's decision to dismiss the case, holding that the case should be transferred to the Eastern District of Virginia "in the interest of justice" because if the case had been dismissed the plaintiff would have been time-barred from bringing a new action. Id. at 1026-27.

The court explained that a Title VII action must be brought within 90 days of an EEOC right-to-sue letter. Id. (citing 42 U.S.C. § 2000e-5(f)(1)). In situations

where a complaint is timely filed and then dismissed, the 90-day limitations period is not tolled during the dismissal period. Id. at 1027.

The Ninth Circuit has held that "dismissal of an action for improper venue is a harsh penalty," but that it is warranted "where filing in an improper forum evidences bad faith." Oaks of Woodlake Phase III, Ltd. v. Hall, Bayoutree Assocs., Ltd., 939 F.2d 802, 806 (9th Cir. 1991). In Johnson v. Payless Drug Stores Nw., Inc., 950 F.2d 586, 588 (9th Cir. 1991), the court upheld the dismissal of a Title VII action for improper venue. The plaintiff brought the lawsuit in the Northern District of California, but his job was in Nevada and the company's employment records were allegedly in Oregon. Id.

The Ninth Circuit's decision to uphold dismissal was based in part on the fact that in response to an order to show cause from the district court, the plaintiff specifically stated that he would not bring suit in Oregon or Nevada. Id. See also Abrams Shell v. Shell Oil Co., 165 F. Supp. 2d 1096, 1103 (C.D. Cal. 2001) (stating that after an improper venue finding, the court has discretion in deciding between dismissal or transfer, "though generally it is preferred to transfer the case rather than dismissing it altogether.")
///

1    Here, it is unclear whether Plaintiff would be time-
2 barred from bringing his Title VII Claim should the Court
3 dismiss his case. His two-page Complaint makes no
4 mention of any effort to comply with Title VII's
5 procedural requirements. Additionally, Plaintiff failed
6 to file Opposition, and thus has not requested that the
7 Court transfer his case rather than dismiss it.
8
9    The Court, in its discretion, finds that the most
10 prudent course is to transfer this case to the District
11 of Alaska. If Plaintiff has complied with Title VII's
12 procedural requirements, there is no risk of the Title
13 VII claims being lost if the case is transferred, rather
14 than dismissed. Additionally, there is no indication
15 that Plaintiff has filed in the Central District of
16 California out of bad faith, and he has not indicated to
17 the Court that he is unwilling to litigate this case in
18 the District of Alaska.
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Transfer pursuant to Title VII is GRANTED; Defendant's Motion to Dismiss pursuant to Title VII is DENIED.[1] The clerk is directed to transfer this case to the District of Alaska.

Dated: Dec. 16, 2005

VIRGINIA A. PHILLIPS
United States District Judge

///
///
///
///
///
///
///

---

[1] Because the Court is transferring this case to Alaska pursuant to Defendant's Motion to Dismiss Based on Title VII, it need not consider Defendant's Motion to Dismiss for Lack of Personal Jurisdiction or Motion to Transfer Venue pursuant to 28 U.S.C. § 1391(b), See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (allowing for cases to be transferred based on improper venue "whether the court in which it was filed had personal jurisdiction over the defendants or not."); Payless, 850 F.2d at 587-88 (holding that Title VII's venue provision trumps 28 U.S.C. § 1391, the general federal venue statute). Additionally, Defendant's Motion to Transfer pursuant to the Doctrine of Forum Non Conveniens is moot, as that is a discretionary doctrine. See Am. Dredging Co. v. Miller, 510 U.S. 443, 455 (1994). This case is being transferred pursuant to the Title VII's venue provision, which mandates that this case cannot be heard in this district.