Kim Dunn
Landye Bennett Blumstein LLP
701 West Eighth Avenue, Suite 1200
Anchorage, Alaska 99501
Telephone (907) 276-5152
Facsimile (907) 276-8433

Attorneys for Chugach Eareckson Support Service, JV

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

|  |  |
|---|---|
| THOMAS M. SLOAN<br><br>    Plaintiff,<br><br>    v.<br><br>CHUGACH EARECKSON SUPPORT SERVICES JV<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3:05-cv-00295-TMB<br>) |

**OPPOSITION TO MOTION FOR
ENTRY OF DEFAULT**

Defendant Chugach Eareckson Support Services JV ("Chugach Eareckson") hereby opposes plaintiff's application for default. The answer was filed on April 11, at 1:26 p.m., hours after receiving plaintiff's application for default. With defendant's answer, the case is fully joined and entry of default is unwarranted. Additional support for this opposition is stated below, and in the attached Affidavit of Counsel, Kim Dunn ("Dunn Aff.").

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

1. <u>Background.</u>  Last August, plaintiff filed his notice complaint in the Central District of California, on the eve of the deadline for filing a Title VII suit.  Complaint, page 1.  He was and remains self-represented.

Following transfer of the case to Alaska, the Court issued a Notice of Transfer and Order, dated December 21, 2005, directing plaintiff to confer with the defense and provide a status report.  In response, plaintiff advised the court that he was not prepared to engage in scheduling and was still looking for an attorney.  [Docket #18][1]  Curiously, plaintiff's submission advised that Mr. Sloan had not been contacted by the defendant's counsel, although he described a telephone call from defendant's counsel Scott Barber of Gordon Rees.  [Docket #18]

Undersigned counsel substituted for California counsel on January 30, 2006. [Docket #20]

The court issued a second order, referring plaintiff to certain *pro se* representation guidance, on March 6, 2006.  Then, two weeks later, the court issued a Minute Order dated March 20, 2006, directing plaintiff to "require an answer immediately or apply for default."  [Docket #22]  The Minute

---

[1]  The date of this plaintiff submission is unclear, and no proof of service was appended.  The document is docketed as Docket #18, dated January 4, 2006 by the clerk.

Thomas A. Sloan v. Chugach Eareckson Support Service, JV
Case No.: 3:05-CV-00295-TM-B
Opposition to Motion for Default
Page 2 of 6

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

Order did not direct defendant to answer the complaint within 20 days. The defense interpreted the Minute Order as requiring plaintiff to make contact, discuss the case and timing of the answer. Dunn Aff. at 3. Plaintiff had the right to amend his complaint prior to answer without leave of court, something he would likely have done had he obtained counsel. Chugach Eareckson's successful defense of other proceedings brought by plaintiff also indicated amendment was appropriate. Dunn Aff. at 2.

Chugach Eareckson scheduled Monday, April 10 as the date to hear from plaintiff or answer the complaint. Plaintiff never contacted Chugach Eareckson or undersigned counsel. Dunn Aff. at 3. By counsel error, the answer was not filed before midnight April 10. Id. Chugach Eareckson filed its answer on April 11, 2006, the same date it received notice of plaintiff's application for default.[2]

2. <u>Argument</u>. Plaintiff's application for entry of default asserts that Chugach Eareckson "Failed to Reply to the Minute

---

[2] Plaintiff's affidavit of service states it was served by electronical mail, a method not authorized in the Court's earlier order relating to service of documents. [Docket #21] The pleading was express-mailed to Chugach Eareckson's counsel on April 7, with an intended delivery date of "4/8", which was Saturday. Undersigned counsel's office did not receive the package until just before closing on Monday, April 10.

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

Order from Chambers Dated December 21, 2005 [sic]." This contention echoes plaintiff's earlier submission (docketed January 4, 2006) indicating that the defense was required to contact him. [Docket #18] Apparently plaintiff did not believe he should make contact, and that Chugach Eareckson was supposed to take action under the December 21, 2005 order, unilaterally. Thus plaintiff suggests that defendant engaged in two months of delay. Chugach Eareckson, conversely, was expecting plaintiff to take make contact by April 10, as suggested by the wording of the March 20, 2006 court order. Dunn Aff. at 3. In sum, both parties were apparently waiting for the other party to call or write.

A default should not be entered due merely to misinterpretation or misunderstanding of one or both parties. Chugach Eareckson's motion to dismiss or transfer in the California action constituted an appearance, as did its January 30, 2006 substitution of counsel, entitling Chugach Eareckson to notice prior to default. Had plaintiff been represented by counsel, his attorney would have been obligated to contact Chugach Eareckson's counsel before seeking default. *See, e.g.,* Hertz v. Berzanske 704 P.2d 767 (Alaska 1985) and City of Valdez v. Salomon, 637 P.2d 298 (Alaska 1981). Although this rule might not apply strictly to a party

Thomas A. Sloan v. Chugach Eareckson Support Service, JV
Case No.: 3:05-CV-00295-TM-B
Opposition to Motion for Default
Page 4 of 6

plaintiff who is self-represented, the unpredictability of self-represented parties should not disadvantage or prejudice parties who do have counsel.

An early or informal communication from plaintiff would have triggered a formal answer some time ago, and eliminated any need to apply for entry of default.  Plaintiff served his application on April 7, 2006.  Chugach Eareckson was already preparing its answer when it received the application.

Now that plaintiff has filed the default application, he has signaled his intent to pursue his existing complaint, unchanged.  Undersigned counsel misconstrued plaintiff's intentions and apologizes for not filing the answer before April 11, 2006.

Accordingly, Chugach Eareckson requests that its answer be accepted and that plaintiff's motion for entry of default be denied.

Dated this 12th day of April, 2006 at Anchorage, Alaska.

            LANDYE BENNETT BLUMSTEIN LLP
            Attorneys for Chugach Eareckson
            Support Service JV


            s/Kim Dunn_____
            Kim Dunn
            Alaska Bar No. 8511153

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

Certificate of Service

I hereby certify that on April 12, 2006 a copy of the foregoing Opposition to Motion for Entry of Default with the attached Proposed Order and Affidavit of Counsel was sent U.S. Mail to Thomas M. Sloan, 835 West Vine Street, San Bernardino, CA 92410


s/Kim Dunn_____
Kim Dunn

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

Thomas A. Sloan v. Chugach Eareckson Support Service, JV
Case No.: 3:05-CV-00295-TM-B
Opposition to Motion for Default
Page 6 of 6