Kim Dunn
Landye Bennett Blumstein LLP
701 West Eighth Avenue, Suite 1200
Anchorage, Alaska 99501
Telephone (907) 276-5152
Facsimile (907) 276-8433
E-mail kimd@lbblawyers.com

Attorneys for Chugach Eareckson, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THOMAS M. SLOAN )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHUGACH EARECKSON SUPPORT )<br>SERVICES JV )<br>)<br>Defendant. ) | Case No. 3:05-cv-00295-TMB |

**SCHEDULING AND PLANNING CONFERENCE REPORT**

**1.   Meeting.**   In accordance with F.R.Civ.P. 26(f), a teleconference was held the afternoon of May 15, 2006, attended by:

Thomas M. Sloan – *pro se* plaintiff (909) 885-2380.

Kim Dunn – attorney for defendant Chugach Eareckson
Support Services JV (in Anchorage).

**2.   Pre-Discovery Disclosures.**   The information required by F.R.Civ.P. 26(a)(1):

☐   have been exchanged by the parties

☒   will be exchanged by the parties by **June 15, 2006.**

Thomas M. Sloan v. Chugach Eareckson Support Services JV
Case No.: 3:05-cv-00295 TMB
Scheduling and Planning Conference Report
Page 1 of 8

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

Proposed changes to disclosure requirements: **None.**

Preliminary witness lists:

☐   have been exchanged by the parties

☒   will be exchanged by the parties by **June 30, 2006.**

*If no preliminary list is served by this date, the party's initial disclosure will be deemed to constitute the preliminary witness list.*

**3. Contested Issues of Fact and Law.**  Preliminarily, the parties expect the following issues of fact and/or law to be presented to the court at trial in this matter:

1. Was plaintiff appointed to an action panel to address serious issues involving the GMD work Force on Shemya Island?

2. After plaintiff was appointed to the action panel, did Chugach Eareckson change plaintiff's working conditions to make them intolerable by encouraging sexual harassment, race discrimination, and violent assault?

3. Did a supervisor of Chugach Eareckson "body slam" plaintiff in October of 2003, physically injuring him, and causing plaintiff to leave Shemya Island for medical reasons?

4. Was plaintiff wrongfully terminated when he left Shemya for medical reasons, obtained a work release, but was informed by Chugach Eareckson that he had quit?

5. Was plaintiff ready able and willing to return to work after on Shemya, and if so, when was he able and willing?

6. Did plaintiff report alleged criminal acts by Chugach Eareckson to proper law enforcement

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

agencies before leaving Shemya (DEA and FBI)?  Did plaintiff report drugs on the island, and that employees Feazell and Sagent improperly attempted to obtain social security numbers of GMD workers on the island in violation for undisclosed reasons?

7. Was plaintiff wrongfully asked to quit or resign by a manager, in return for a positive recommendation?

8. Did Chugach Eareckson defame plaintiff in an attempt to justify his employment termination, including statements that plaintiff did not know his field (electronics), and that plaintiff was a threat to life and limb?

9. Was Chugach Eareckson legally responsible for controlling plaintiff's co-worker and co-worker's girlfriend, who allegedly made false statements about plaintiff?  For example, statements that plaintiff's was one "Michael Thomas Sloan", an individual with a criminal history; that plaintiff did not know his field at all, and was a degenerate?  May Chugach Eareckson be held legally responsible for defamatory statements made by the co-worker, by a former employee who is a friend of the co-worker, and co-worker's girlfriend?

10. Did a Chugach Eareckson  manager state that he wanted only Air Force personnel at the Shemya site (plaintiff being former Navy?

11. Did Chugach Eareckson, or plaintiff's co-worker, prevent plaintiff from obtaining a job in Alaska for 2 years, based on defamatory statements or negative job references?

12. Does the court have subject matter jurisdiction over plaintiff's complaint?

13. Is Chugach Eareckson exempt from plaintiff's Title VII claims?

14. Does the Alaska Workers Compensation Act bar, in whole or in part, plaintiff's claims?

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

15. Are plaintiff's claims barred, in whole or in part, for plaintiff's failure to appeal the determination of the Alaska State Commission on Human Rights?

16. Are plaintiff's claims barred, in whole or in part (e.g., the alleged "body slam") by adverse determinations of fact and law made by the factfinder in plaintiff's Workers Compensation case?

**4.   Discovery Plan.**  The parties jointly proposed to the court the following discovery plan.

A.   Discovery will be needed on the following issues:

*Refer to the issues cited in section 3, above.*

B.   All discovery commenced in time to be completed by **February 1, 2007** ("discovery close date").

C.   Limitations on Discovery.

1.   Interrogatories

☒   No change from F.R.Civ.P. 33(a).

☐   Maximum of ____ by each party to any other party.

Responses due in _____ days.

2.   Requests for Admissions.

☒   No change from F.R.Civ.P. 36(a).

☐   Maximum of ____ requests.

Responses due in _____ days.

3.   Depositions.

☒   No change from F.R.Civ.P. 36(a), (d).

Thomas M. Sloan v. Chugach Eareckson Support Services JV
Case No.: 3:05-cv-00295 TMB
Scheduling and Planning Conference Report
Page 4 of 8

☐ Maximum of ___ depositions by each party. Depositions of nonparties not to exceed 6 hours unless agreed to by all parties.

D. Reports from retained experts.

☒ Not later than 90 days before the close of discovery subject to F.R.Civ.P. 26(a)(2)(C).

☐ Reports due:

From plaintiff: (*insert date*) From defendant: (*insert date*)

E. Supplementation of disclosures and discovery responses are the be made:

☒ Periodically at 60-day intervals from the entry of scheduling and planning order.

☐ As new information is acquired, but not later than 60 days before the close of discovery.

F. A Final witness list, disclosing all lay and expert witnesses whom a party may wish to call at trial, will be due:

☐ 45 days prior to the close of discovery.

☒ Not later than **March 1, 2007.**

**5.   Pretrial Motions.**

☐ No change from D.Ak.LR 16.1(c).

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

The following changes to D.Ak.LR 16.1(c). [Check and complete all the apply]: N/A

☐ Motions to amend pleadings or add parties to be filed not later than (*insert date*).

☐ Motions under the discovery rules must be filed not later than (*insert date*).

☐ Motions in limine and dispositive motions must be filed not later than (*insert date*).

**6.    Other Provisions.**

A. ☒ The parties do not request a conference with the court before the entry of the scheduling order.

☐ The parties request a scheduling conference with the court on the following issues(s): (*insert issues on which a conference is requested*)

B.    Alternative Dispute Resolution [D.Ak.LR 16.2]

☐ This matter is not considered a candidate for court-annexed alternative dispute resolution.

---

Thomas M. Sloan v. Chugach Eareckson Support Services JV
Case No.: 3:05-cv-00295 TMB
Scheduling and Planning Conference Report
Page 6 of 8

☒ The parties will file a request for alternative dispute resolution not later than **December 2006.**

☐ Mediation   ☐ Early Neutral Evaluation

C. The parties ☐ do ☐ not consent to trial before a magistrate judge.

D. Compliance with Disclosure Requirements of F.R.Civ.P. 7.1:

☒ All Parties have complied. *Plaintiff is not a corporate party. Chugach Eareckson disclosed its parent company, Chugach Alaska Corporation, in its Answer to plaintiff's complaint. No publicly held corporation owns 10 percent or more of Chugach Eareckson's stock.*

☐ Compliance not required by any party.

**7. Trial.**

A. The matter will be ready for trial:

☐ 45 days after the discovery close date.

☒  not later than (**May 2007**).

B. This matter is expected to take **6 days** to try.

C. Jury Demand ☐ Yes ☐ No

Right to jury trial disputed? ☐ Yes ☐ No

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

Dated: May 16, 2006

                              LANDYE BENNETT BLUMSTEIN LLP
                              Attorneys for Chugach Eareckson

5/23/06_____      s/Kim Dunn_____
Date                          Kim Dunn
                                Alaska Bar No. 8511153


_____        _____
Date                          Thomas M. Sloan, *Pro Se*

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

Dated: May 16, 2006

LANDYE BENNETT BLUMSTEIN LLP
Attorneys for Chugach Eareckson

_____
Date

_____
Kim Dunn
Alaska Bar No. 8511153

5-23-06
Date

_____
Thomas M. Sloan, Pro Se

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

Thomas M. Sloan v. Chugach Eareckson Support Services JV
Case No.: 3:05-cv-00295 TMB