Kim Dunn
Landye Bennett Blumstein LLP
701 West Eighth Avenue, Suite 1200
Anchorage, Alaska 99501
Telephone (907) 276-5152
Facsimile (907) 276-8433
E-Mail: kimd@lbblawyers.com

Attorneys for Chugach Eareckson Support Service, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THOMAS M. SLOAN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CHUGACH EARECKSON SUPPORT SERVICES JV | ) |
| | ) |
| Defendant. | ) Case No. 3:05-cv-00295 (TMB) |
| | ) |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR
LACK OF SUBJECT MATTER JURISDICTION**

Chugach Earickson Support Services JV ("CESS") moves to dismiss Mr. Sloan's complaint for lack of subject matter jurisdiction. Mr. Sloan's complaint against CESS is based on alleged sex discrimination and illegal retaliation under Title VII of the Civil Rights Act of 1964. 42 U.S.C. 2000e *et seq*. As a matter of law, CESS is excluded from Title VII's definition of covered "employer." Mr. Sloan's complaint articulates no other identifiable basis for federal subject

Sloan v. Chugach Eareckson                           Page 1 of 9
Case No.: 3:05-cv-00295
Memorandum in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

matter jurisdiction.    Accordingly, his complaint should be dismissed.

<div align="center">BACKGROUND</div>

At all relevant times CESS was a joint venture owned 51% by Chugach Development Corporation, a wholly-owned subsidiary of Chugach Alaska Corporation, an Alaska Native Regional Corporation formed under the Alaska Native Claims Settlement Act ("ANCSA").    *See,* 43 U.S.C. §1601 *et seq.* (2006), and Affidavit of Robert C. Viramontes hereto.    At all times relevant hereto, CESS was the base maintenance contractor to the Air Force operating the Eareckson Air Station at Shemya Island in the Aleutians.

On February 5, 2002, Mr. Sloan was hired by CESS to serve as an Electronic Technician II (MetNav).    The position, among other duties, serviced and maintained electronic equipment, and reported to the Communications/Electronics Supervisor.

In the summer of 2003, the lead position became vacant, and on June 27, 2003 Mr. Sloan applied for the opening. Another relatively new Electronics Technician II, Doug Feazell, was appointed to the lead position on an acting basis.    Virtually immediately, Mr. Sloan and Mr. Feazell were involved in disruptive conflicts, with Mr. Feazell alleging insubordination by Mr. Sloan, and Mr. Sloan claiming Feazell

Sloan v. Chugach Eareckson                          Page 2 of 9
Case No.: 3:05-cv-00295
Memorandum in Support of Motion to Dismiss for Lack of Subject
Matter Jurisdiction

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

was abusive.  On August 20, 2003, Sloan signed an Alaska State Commission for Human Rights Complaint.  He alleged that Mr. Feazell made sexual overtures to him, on or about June 26, 2003, which Mr. Sloan rejected, triggering hostile retaliation from Mr. Feazell.

By the time CESS received the ASCHR harassment complaint, Mr. Feazell had been removed from the position of acting lead. CESS management could not substantiate Mr. Sloan's allegations of harassment, but hoped that the demotion would reduce the constant friction.  CESS appointed Carl Sagert as lead, effective August 22, 2003.  In September, the EEOC sent a standard notice to CESS explaining that the ASCHR charges were dual-filed with EEOC, and that CESS should cooperate in the ASCHR process.

Relations between Sloan and the new lead, Mr. Sagert, deteriorated quickly.  Mr. Sloan made personal notes indicating that he believed Mr. Feazell was retaliating, and that Mr. Sagert was now joining in.

On October 25, 2003, Mr. Sloan alleged that Mr. Feazell deliberately ran into him at the dining facility early in the morning.  This alleged "body-slam" formed the basis for later allegations of disabling whiplash injury.  Mr. Sloan sought medical treatment from the island medical providers who

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

Sloan v. Chugach Eareckson                    Page 3 of 9
Case No.: 3:05-cv-00295
Memorandum in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction

recommended he receive assessment off-island. He was granted leave through December, 2003 and on October 29, 2003, he flew off the island.

In the ensuing months, Sloan filed a workers compensation claim against CESS, obtained an attorney, received medical treatment near his Big Lake residence, obtained a copy of his personnel file, filed for unemployment, and sought relief from the state's Violent Crimes Compensation Board. Sloan was released to work without restriction in March, 2004. He was deposed in the Workers Compensation proceedings in April. He returned to the island on May 11, 2004 and picked up his belongings. On May 28, 2004 CESS notified him that his employment was terminated as a result of his verbal resignation during the May 11 visit to Shemya.

As part of the Workers Compensation proceedings relating to the "body slam" allegation, CESS petitioned for a finding of fraud under AS 23.30.250 on August 12, 2004.

On April 19, 2005, ASCHR determined that there was no substantial evidence of discrimination, issuing a Closing Order and advising Mr. Sloan that he could appeal the determination within 30 days. As is typical, the EEOC then adopted ASCHR's findings by issuing its own notice of closure May 12, 2005. The notice advised Mr. Sloan that he had 90

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

Sloan v. Chugach Eareckson                         Page 4 of 9
Case No.: 3:05-cv-00295
Memorandum in Support of Motion to Dismiss for Lack of Subject
Matter Jurisdiction

days to sue under federal law in either state or federal court. Just before the expiration of the EEOC deadline, on August 12, 2005 Sloan filed suit in the United States District Court for the Central District of California, near his new residence.

On motion of CESS, the District Court for the Central District of California ordered transfer of the matter to the Alaska District Court. The transfer was complete on December 21, 2005.

In the final stages of his Workers Compensation claim and in the present action, Mr. Sloan did not retain counsel. The Workers Compensation Board determined that the body slam did not occur. Plaintiff has stated repeatedly that he wants to find an attorney to help him with the present matter. However, plaintiff has continued to represent himself.

### DISCUSSION

At all times relevant to Mr. Sloan's complaint, CESS was a joint venture of Del-Jen Corporation, and Chugach Development Corporation. Chugach Development Corporation is a wholly-owned subsidiary of Chugach Alaska Corporation, a regional corporation formed in accordance with the Alaska Native Claims Settlement Act. Chugach Development Corporation

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

Sloan v. Chugach Eareckson                    Page 5 of 9
Case No.: 3:05-cv-00295
Memorandum in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction

owned 51 percent of the joint venture known as "Chugach Eareckson" or CESS.

Alaska Native Regional corporations, which are referred to in ANCSA as "ANC's", are federally recognized Indian tribes. *See, e.g.,* 25 U.S.C. 450b(e)(2006). Indian tribes are exempt from Title VII's definition of covered "employer." 42 U.S.C. §2000e(b). As amended in 1988 and 1992, ANCSA exempts ANC's, their subsidiaries, ventures, affiliates, and partnerships from Title VII by explicitly defining them as tribes for purposes of 42 U.S.C. 2000a:

> For the purposes of implementation of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000a et seq.] a Native Corporation and corporations, partnerships, joint ventures, trusts, or affiliates in which the Native Corporation owns not less than 25 percentum of the equity shall be within the class of entities excluded from the definition of "employer" by section 701(b)(1) of Public Law 88-352 (78 Stat. 253) as amended [42 U.S.C.A. § 2000e(b)(1)] or successor statutes.

43 U.S.C. §1626(g)

Chugach Development Corporation, as majority owner of CESS, is authorized by Congress to seek contracts for federal military base operations, such as Eareckson Air Station, due to CDC's Alaska Native ownership. Section 8014(3) of the Fiscal Year 2000 Defense Appropriations Act, Pub. L. No. 106-76, enacted October 25, 1999 11 Stat.1212, 1234 (providing political preference exemption for "qualified firm under 51

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

Sloan v. Chugach Eareckson                    Page 6 of 9
Case No.: 3:05-cv-00295
Memorandum in Support of Motion to Dismiss for Lack of Subject
Matter Jurisdiction

percent Native American ownership") and Amendment No. 3319, 146 Cong. Rec. S4961 (daily ed. June 12, 2000); P.L. 106 259, 114 Stat.656, 677 (2000)(amending 1999 ownership language to clarify that owners must be tribes, and that the preference is political not racial); <u>Amer. Fed. Of Gov't Employees v. Unites States</u>, 330F.3d 513 (D.C.Cir. 2003). Thus, by giving contracting opportunities to ANC's to promote Native American economic self-sufficiency, Congress knew that such contractors would be exempt from Title VII coverage, due to their tribal (ANC) affiliation and ownership.

Although Mr. Sloan's complaint is brief, it cites Title VII and asserts violations of that federal law. No other statute is cited. Suit was filed shortly after Mr. Sloan's receipt of the EEOC notice of 90 days to sue; but was not filed in time to appeal the similar ASCHR determination. Plaintiff's statement of jurisdiction is consistent with plaintiff's August, 2003 ASCHR/EEOC complaint, described above. Mr. Sloan has asserted a classic "Title VII" claim in his administrative and in-house discrimination allegations.

CESS is not subject to Title VII. ANCSA's exemption from 42 U.S.C. 2000e(b)(1) renders CESS immune from Title VII claims. <u>Hisson v. King & Spaulding</u>, 467 U.S. 69, 77-78& n. 11 (1984). The exemption eliminates any Title VII basis for

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

Sloan v. Chugach Eareckson                    Page 7 of 9
Case No.: 3:05-cv-00295
Memorandum in Support of Motion to Dismiss for Lack of Subject
Matter Jurisdiction

federal jurisdiction.  See, e.g., Vick v. Foote, Inc. 898 F. Supp. 330,331-32 (E.D. Va. 1995), aff'd, 82 F.3d 411 (4th Cir.), cert. denied, 519 U.S.935 (1996).

Recognizing Title VII's limitations does not leave workers without a remedy.  Forty years ago, the Alaska legislature enacted broad remedies for employees claiming discrimination from their for-profit employers. A.S. 18.80.220 et seq.  The legislature created a state agency to oversee, investigate, and remediate violations, and crafted a private right of action as well.    Unlike its federal counterpart, ASCHR is not required to field, investigate or decide a discrimination complaint before the claimant is allowed to sue privately.  A claimant is not required to exhaust his administrative remedy before accessing judicial procedures.

Mr. Sloan's remedy under Alaska law was ample: he could have filed his complaint as a civil suit in Alaska Superior Court, either before, during, or after ASCHR's investigative review and determination, and notwithstanding ASCHR's decision to close his case.  Instead, Mr. Sloan opted to follow EEOC's closure notice and to file his allegations in federal court.

The complaint cites no grounds for asserting pendent jurisdiction. Mr. Sloan's initial disclosures relate entirely to harassment allegations, and he cites no other federal

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

Sloan v. Chugach Eareckson                              Page 8 of 9
Case No.: 3:05-cv-00295
Memorandum in Support of Motion to Dismiss for Lack of Subject
Matter Jurisdiction

statute affecting employment. Accordingly, no part of the complaint may be salvaged, and the complaint may be dismissed.

Dated this 29th day of November, 2006 at Anchorage, Alaska.

<div style="margin-left: 40%;">

LANDYE BENNETT BLUMSTEIN LLP
Attorneys for Chugach Eareckson
Support Service, Inc.


s/Kim Dunn
Kim Dunn
Alaska Bar No. 8511153
Landye Bennett Blumstein LLP
701 West Eighth Avenue, Suite 1200
Anchorage, Alaska 99501
Telephone (907) 276-5152
Facsimile (907) 276-8433
E-Mail: kimd@lbblawyers.com

</div>

Certificate of Service

On November 29, 2006, a true and correct copy of the foregoing document with the attached affidavit was sent by ☒ mail or ☐ hand-delivery to the following:

Thomas M. Sloan
835 West Vine Street
San Bernardino, CA 92410


s/Kim Dunn
Kim Dunn

Sloan v. Chugach Eareckson                    Page 9 of 9
Case No.: 3:05-cv-00295
Memorandum in Support of Motion to Dismiss for Lack of Subject
Matter Jurisdiction

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433