Kim Dunn
Landye Bennett Blumstein LLP
701 West Eighth Avenue, Suite 1200
Anchorage, Alaska 99501
Telephone (907) 276-5152
Facsimile (907) 276-8433
E-mail: kimd@lbblawyers.com

Attorneys for Chugach Eareckson Support Services, JV

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

|  |  |
|---|---|
| THOMAS M. SLOAN | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| CHUGACH EARECKSON SUPPORT SERVICES JV | ) ) ) |
| Defendant. | ) Case No. 3:05-cv-00295-TMB ) |
| STATE OF ALASKA | ) |
|  | )ss. |
| THIRD JUDICIAL DISTRICT | ) |

**AFFIDAVIT OF KIM DUNN**

Kim Dunn, being first duly sworn, deposes and states as follows:

1. I am CESS' defense counsel in this litigation and am familiar with the litigation file and defense activity that has occurred.

2. On Monday, January 8, 2007, Mr. Thomas Sloan called me, in part to respond to the defense notice of telephonic

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

deposition of plaintiff, dated January 3, 2007. Among other comments, Mr. Sloan said he had to have the deposition delayed in excess of two weeks. I explained that moving the deposition after mid-February was unacceptable, due to the discovery deadline and other deadlines that were running. I advised Mr. Sloan that I was willing to work around his work schedule, if he was employed. Without any factual explanation, he simply indicated that the schedule was problematic.

3. Mr. Sloan had not responded to earlier communications my office sent him in the fall and early winter, including correspondence about the deadline for settlement efforts. On January 8, Mr. Sloan acknowledged receipt of CESS' written discovery requests, mailed to him on December 29, 2006, as well as receipt of the deposition notice and initial disclosures from CESS. However, he then alleged that his mail was spotty and that he had not received "anything" from me since July or August. I confirmed that we were using his correct residence address for service.

4. After this call, I postponed the court reporter's assignment for February 1, completed the attorney-client privilege and work product protection review, finalized the draft privilege index, counted the documents to give Mr. Sloan

Sloan v. Chugach Eareckson Support Services, JV
Case No.: 3:05-cv-00295-TMB
Affidavit of Kim Dunn
Page 2 of 5

an estimate of the copy costs, and double-checked the documents numbered for production. I also prepared a list of items that had been served upon or mailed to Mr. Sloan since the summer, and confirmed these items had been mailed to the correct address.

5. On January 18, 2006, I wrote again to Mr. Sloan. I asked him to give me a date he could be deposed. ("Please propose a date for deposition less than 2 weeks from February 1 and I will reschedule"). I also asked that he diligently review his records and identify on a list supplied in my letter, the pleadings and correspondence he had not received. So far, he has not responded by telephone or by letter.

6. I was prepared to send the bulk of the documents to Mr. Sloan on January 18, but realized in my review of the package that a number of the documents implicated privacy interests of other CESS employees. From my records, I could not determine which of these documents Mr. Sloan may have received previously, and if so, through what source. Accordingly, I requested an index of the personnel records be prepared, and prepared a protective order for Mr. Sloan to sign.

7. On January 23, I sent Mr. Sloan the draft Protective Order, a thick stack of non-privileged and non-confidential

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

documents of CESS, and an explanatory cover letter. Again, I asked that he give me a date for his deposition. I have received no response. I received his motion to compel two days later, but was not advised that he planned to file such motion.

8. In the Workers Compensation matter Mr. Sloan filed in connection with his CESS employment in 2003 (a matter handled by defense counsel associated with another law firm), Mr. Sloan also alleged failed receipt of documents from defense counsel. As a result of Mr. Sloan's allegations in this and the other case, since January 8, 2007 all mailings from my office are being sent via certified mail.

9. Since last summer, Mr. Sloan has taken no discernible action to prosecute his claims. He denies receiving the dispositive motion filed by CESS on November 29, 2006. Assuming he has read my January 18, 2007 letter, he must know that critical litigation deadlines have passed or are running out next week. These factors appear to be fueling Mr. Sloan's last-minute activity. CESS has not obstructed his trial preparation in any manner. However, by being nonresponsive, Mr. Sloan is now obstructing CESS' ability to complete discovery.

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

Sloan v. Chugach Eareckson Support Services, JV
Case No.: 3:05-cv-00295-TMB
Affidavit of Kim Dunn
Page 4 of 5

FURTHER YOUR AFFIANT SAYETH NOT.

_January 29, 2007_
_____   _____
Kim Dunn                       Date

ACKNOWLEDGEMENT

SUBSCRIBED AND SWORN TO me this 29th day of January, 2007.



(SEAL)

_____
Notary Public for the State of Alaska
My commission expires: 04·28·07

Certificate of Service

I herby certify that on January 29, 2007, a copy of the foregoing Affidavit of Kim Dunn was served by U.S. Mail on Thomas M. Sloan, 835 West Vine Street, San Bernardino, CA 92410.

s/Kim Dunn
_____

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

Sloan v. Chugach Eareckson Support Services, JV
Case No.: 3:05-cv-00295-TMB
Affidavit of Kim Dunn
Page 5 of 5