# LANDYE BENNETT BLUMSTEIN LLP
## ATTORNEYS

| | | |
|---|---|---|
| DAVID BENNETT, JR. | ROBERT F. BLUMSTEIN, JR. | DAN A. CAGLE‡ |
| DAVID L. BLOUNT, P.C.* | JODEE K. KELLY^ | JENNIFER L. GATES* |
| PHILIP BLUMSTEIN, P.C. | THOMAS M. LANDYE, P.C.* | JOSHUA D. HODES |
| DAVID S. CASE, P.C. | MICHELLE K. MCCLURE‡ | NOELLE S. KOMPKOFF |
| MITCHEL R. COHEN, P.C.‡ | CHERYL MCKAY, P.C. | |
| STUART K. COHEN, P.C.* | ORLANDO MEDINA, P.C.* | *OREGON STATE BAR |
| JAMES S. CRANE, P.C.† | JEFFREY S. MUTNICK, P.C.* | †ALASKA AND OREGON STATE BARS |
| KIM DUNN, P.C. | GLEN PRICE, P.C. | ~ALASKA AND UTAH STATE BARS |
| DAVID N. GOULDER, P.C.* | P. STEPHEN RUSSELL III, P.C.* | +ALASKA AND WASHINGTON STATE BARS |
| KARNA R. GUSTAFSON‡ | THANE W. TIENSON, P.C.‡ | ‡WASHINGTON AND OREGON STATE BARS |
| ROBERT B. HOPKINS, P.C.* | RICHARD S. YUGLER‡ | ^IDAHO AND OREGON STATE BARS |

ALL OTHERS ALASKA STATE BAR ONLY

February 16, 2007

7002 0510 0003 4243 0830
*Via Certified Mail Return Receipt*

Thomas M. Sloan
835 West Vine Street
San Bernardino, California 92410

Re: Sloan v. Chugach Eareckson Support Services, JV
Our File No.: A-01739.006

Dear Mr. Sloan:

I am writing rather than calling you, to promote clarity in our communications. This letter is intended to meet the requirements of Local Rule 37.1, to support a final certification under 37.1(a), relevant to your failure to timely respond to the discovery issued by CESS, by the due date of February 1, 2007. I enclose FYI, a copy of Rule 37.1.

1.  <u>Follow-up on Discovery</u>. I have previously asked that you commit to a date certain, by which you would respond to the discovery served by CESS on December 29, 2006. Refer to my letter of February 8. I have not received your discovery responses, nor any commitment to respond. Instead, you are filing numerous motions on other subjects. Accordingly, if I have not received the discovery by February 23, 2007, I will file a motion to compel your responses. If you would like to discuss this please call me during business hours.

2.  <u>Your request for documents used to prepare witnesses Feazell, Cristman, and Campbell</u>. To my knowledge, prior to filing your motion (Docket #49) you had never requested the Workers Compensation documents Mr. Bredeson has. Mr. Bredeson is employed by a different law firm and I have not arranged to review his file. The first notice I received that you wanted any Workers Compensation material was the motion to Compel (Docket #49). You have never discussed this discovery issue with me.

I was not the attorney who interviewed witnesses for the Workers Compensation matter. Although you might have been entitled to ask the *witnesses* what documents they reviewed before testifying in 2004 or 2005, asking CESS to ask Mr. Bredeson to reveal what documents he used to prepare the witnesses (if any) invades the attorney work-product protection, and seeks attorney mental impressions. As importantly, I doubt that Mr. Bredeson would recall today what documents he showed them, if any. Normally, this *is* not something you would annotate in an attorney file.



Exhibit 2
Page 1 of 4

Alaska: 701 West Eighth Avenue, Suite 1200 • Anchorage, Alaska 99501 • Tel: 907.276.5152 • Fax: 907 276-8433
531 South Cobb Street • P.O. Box 4739 • Palmer, Alaska 99645 • Tel: 907.746-5971 • Fax: 907.746-5972
Oregon: 1300 S.W. Fifth Avenue, Suite 3500 • Portland, Oregon 97201 • Tel: 503.224-4100 • Fax: 503.224-4133

LANDYE BENNETT BLUMSTEIN LLP
ATTORNEYS

Case 3:05-cv-00295-TMB   Document 69-3   Filed 02/26/2007   Page 2 of 4

Thomas Sloan
February 16, 2007
Page 2

The witnesses depositions reflect only a handful of documents that were discussed, all of which would have been available to you during the relevant deposition and afterward.

If you would like a copy of the deposition transcripts and exhibits of any of the witnesses, please send a check for the cost of copies (payable to LBB) for the following amounts:

- Timothy Cristman (No exhibits)..........................................................$2.40
- Thomas Sloan (Exhibits A-I)..............................................................$24.60
- Melvin Elvsaas (Exhibits 1-2).............................................................$3.90
- Peggy Sue Cargin, ANP (Exhibits 1-12)............................................$14.10
- Dana Barrett-Campbell (Exhibits 1-3).................................................$5.10
- Doug Feazell (Exhibit 1)....................................................................$15.00

Also, to shorten up the trial, it would be efficient to present the testimony of some or all of the witnesses by deposition transcript. If you have any objection to this, please let me know. The depositions could be admitted by stipulation, if you and I agree.

3.  The Workers Comp File.

To my knowledge, the only documents you have requested from the material in the hands of Robert Bredeson, CESS' workers comp defense counsel, are the documents requested above (those documents, if any, "used to prepare witnesses Campbell, Feazell, and Cristman"). The above list responds to your motion.

Evidence collected solely for purposes of impeachment is not required to be copied to you or disclosed under Rule 26. By this letter, I am notifying you that other documents from the Workers Compensation file may be used by CESS for purposes of impeachment.

Very truly yours,

LANDYE BENNETT BLUMSTEIN LLP

Kim Dunn

cc: Chugach Eareckson Support Services, JV

Exhibit 2
Page 2 of 4

Rule 37.1 Sanctions for Discovery Violations
(a) **Certification of Attempt to Confer.** Any motion seeking to compel discovery or for sanctions under Rule 37, Federal Rules of Civil Procedure, must include in the first paragraph a statement that the moving party has in good faith conferred or attempted to confer with the party not making the disclosure or failing to make discovery in an effort to secure compliance without court action.
(b) **Standard for Imposition of Sanctions.** Prior to entering an order under Rule 37, Federal Rules of Civil Procedure, the court will consider:
 [1] the nature of the violation, including the willfulness of the conduct and the materiality of the information the party refused to disclose;
 [2] the prejudice to the opposing party;
 [3] the relationship between the information the party refused to disclose and the proposed sanction;
 [4] whether a lesser sanction would adequately protect the opposing party and deter other discovery violations; and
 [5] other factors deemed appropriate by the court or required by law.
(c) **Dismissal, Establishment, or Preclusion.** The court will not enter an order that has the effect of establishing or dismissing a claim or defense or determining or precluding a central issue in the litigation unless the court finds that the party acted willfully.

Related Provisions:
F.R.Civ.P. 37        Failure to Make Disclosure or Cooperate in Discovery; Sanctions

Rule 38.1 Notation of Jury Demand in the Pleading
 (1) A demand for jury trial may be reflected in the complaint or answer or may be filed by a party as a separate written document within ten (10) days after service of the last pleading directed to the issue.
 (2) If contained in a complaint or answer, the demand must be placed conspicuously on the first page of the complaint or answer.

Related Provisions:
28 U.S.C. §§ 1861–1878  Juries; Trial by Jury
F.R.Civ.P. 38           Jury Trial by Right
D.Ak. LR 10.1           Form of Pleadings and Other Papers

Rule 39.1 Opening Statements and Closing Arguments
(a) **Time Allotted.**
 (1) Unless otherwise ordered, one-half (½) hour per side will be allowed for opening statements, and one (1) hour per side for closing arguments.
 (2) Where multiple parties are on the same side, they may divide their time by agreement.
 (3) A side entitled to rebuttal argument may divide its time as it chooses between argument in chief and rebuttal.
(b) **Use of Exhibits.** Exhibits may not be displayed in opening statement unless leave has been granted, or the exhibit has been admitted under a stipulation or order.

Rule 39.2 Trial Briefs
(a) **Time for Filing.** Unless otherwise ordered by the court, not less than twenty (20) days prior to the scheduled trial date in civil cases, each party will file and serve on all other parties a trial brief.



Exhibit 2
Page 4 of 4