Kim Dunn
Landye Bennett Blumstein LLP
701 West Eighth Avenue, Suite 1200
Anchorage, Alaska 99501
Telephone (907) 276-5152
Facsimile (907) 276-8433
E-mail: kimd@lbblawyers.com

Attorneys for Chugach Eareckson Support Service, JV

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

|  |  |
|---|---|
| THOMAS M. SLOAN | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| CHUGACH EARECKSON SUPPORT SERVICES JV | ) ) ) |
| Defendant. | ) Case No. 3:05-cv-00295-TMB ) |

**CESS' OPPOSITION MEMORANDUM ON PLAINTIFF'S
MOTION FOR DEFAULT**
(DOCKET #63)

Plaintiff seeks entry of default as a proposed sanction for CESS' alleged failure to produce documents. Due to multiple motions filed with limited support, and plaintiff's lack of legal training, it is impossible to tell what documents plaintiff believes CESS has improperly withheld. CESS therefore relies on its earlier briefing to generally oppose the entry of default.

---

Some clue as to what Mr. Sloan is seeking may be contained in his most recent correspondence, dated February 22, 2007, attached as **Exhibit A**. In that letter he asks for all documents that CESS has withheld from initial disclosures on the grounds of privacy or personnel confidentiality. For simplicity, CESS has referred to these records as "confidential", to distinguish them from documents protected by the attorney client privilege or work product protection (referred to as "privileged"). *See, e.g.,* enclosed list of documents stating the grounds for confidentiality and privilege. **Exhibit B.**[1] Grounds for CESS' request that plaintiff enter into a protective order for "confidential" documents prior to receipt are explained below.

---

[1] Exhibit B is a combined privilege confidential log of CESS documents produced in January, plus a file received and reviewed after February 22, 2007. Documents from CE - 000001 to CE - 000501 were produced, minus the privileged or confidential material, by copying Mr. Sloan on January 23, 2007. More recently, CESS also reviewed the confidential attorney file of Mr. James McCanna, CESS' attorney hired to defend Sloan's ASCHR complaint. Bates Numbered documents CE – 000502 - CE - 001737 index this largely privileged file. This exercise was performed to make sure that any nonprivileged documents that Mr. McCanna had in his attorney file, were previously produced in CESS' original document production to Plaintiff dated January 23, 2007. The review confirmed that the only documents not previously made available to Sloan, were those copied by Mr. Bredeson (CESS' workers compensation attorney) to Mr. McCanna, in the form of "client copies" relating to the AWCB proceeding. Again, much of this material is privileged and not available to plaintiff on any theory.

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

Mr. Sloan was an electronic technician on Shemya Island. In early 2003, a new electronic technician, Doug Feazell, arrived in Shemya to work in the same department. Subsequently, the lead supervisor position became vacant, and both Mr. Sloan and Mr. Feazell sought promotion to the vacancy. Several weeks after CESS designated Mr. Feazell as "acting" lead, Mr. Sloan suggested to one manager that he had harassment issues with Mr. Feazell. Mr. Sloan refused to comply with Mr. Feazell's directives, and failed to report to work. Mr. Feazell began writing-up Mr. Sloan for insubordination and absenteeism. Eventually, Mr. Sloan's allegations grew into allegations of uninvited contact by Mr. Feazell (such as hugging, touching his rear and shoulders). More recently in an AWCB deposition, Mr. Sloan alleged that in late June 2003, shortly after Mr. Feazell was promoted, he groped Mr. Sloan's crotch. The allegations vary but all appear to relate to incidents in late June 2003, under circumstances where only Mr. Sloan or Mr. Feazell were present. Mr. Sloan's most recent affidavit swears that Mr. Sloan wasn't even present in Shemya Island during that time, however.

The surrounding circumstances permit the inference that by asserting allegations against Mr. Feazell, Mr. Sloan

sought to avoid imminent discipline for insubordination and absenteeism, or to prevent Mr. Feazell from being permanently appointed as supervisor. The inference could be made that the inflammatory nature of allegations – such as the claim that Mr. Feazell began sexually preying on his brand new subordinate virtually the minute supervisory power was assigned to him -- was designed to quickly and irreparably damage Mr. Feazell's reputation within the cloistered Shemya workforce. Mr. Feazell was released from his interim supervisory appointment in August 2003. During his last two months on Shemya, Mr. Sloan was vocal and abrasive with Mr. Feazell, as well as with Mr. Sagert, the co-worker who was appointed acting lead after Mr. Feazell was removed. The friction culminated in Mr. Sloan's allegation that Mr. Feazell deliberately "body slammed" him on October 23, 2003, in the dish room of the dining hall. This incident was reviewed by the Alaska Workers Compensation Board ("AWCB"), and determined to be false.

During the summer of 2003 Mr. Sloan launched many allegations against Mr. Sagert, as well as Mr. Feazell, both in writing and less formally. These allegations, including the *quid pro quo* allegation against Mr. Feazell, are documented in a variety of documents prepared or issued in

CESS' response to ASCHR's investigation. These records should be maintained on a confidential basis whenever they address other employees or Mr. Sloan's defamatory and job-related allegations against Mr. Feazell and others.

A.S. 18.80.115 provides for confidentiality of investigative ASCHR records during the investigation stage, and allows release of the documents to the parties only, for ASCHR hearing preparation. There is no provision for public release. If an action is filed, discovery is governed by court rules.

Accordingly, during the ASCHR investigative process, all documents are confidential and highly protected. A.S. 18.80.115. ASCHR typically asks the employer to disclose comparable complaints and allegations. In order to give full responses, employers often disclose private personnel information about other employees or claims. Here, ASCHR's investigation required CESS to locate and produce documents of arguably similar incidents involving other employees.

Most of the documents produced by CESS in response to ASCHR related to Sloan personnel disputes and complaints, of the kind that would only be maintained in an investigative or personnel record maintained on the charged individual; accessible only on a "need to know" basis consistent with the

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

employer's privilege to generate and maintain records of performance or conduct about employees.

Although a number of the documents provided to ASCHR are relevant to Mr. Sloan's claims and CESS' defense, they also affect the reputation and privacy of non-parties. To ensure that sensitive material is used only for a proper purpose, protections against publication or misuse should be entered. When both parties are represented in employment litigation, counsel routinely enter into court-ordered stipulations with little debate.

The need for a protective order is heightened in this litigation. First, Mr. Sloan's past attorneys have gone by the wayside, and there is virtually no likelihood he will obtain counsel now (assuming he is looking for counsel). Nothing in the case or in his personnel history suggests that Mr. Sloan would understand or consistently comply with an *informal* non-disclosure agreement. Mr. Sloan has a history of compliance issues, as demonstrated by his termination from many jobs, his actions on Shemya, and his lengthy delay in seeking discovery and his last minute filings. Further, as shown in the AWCB file and this matter, Mr. Sloan repeatedly alleges that he doesn't have documents that others say they mailed to him. If Mr. Sloan can't keep track of the documents

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

he receives in matters of importance to him, such as litigation, then he should not be entrusted with the personnel or private records of nonparty individuals.

Mr. Sloan's approach to this litigation, and the lack of credibility found by the AWCB, suggests that special attention is needed to protect the expectations and reputations of individuals. Four years after Mr. Sloan's departure from Shemya, and a year after the AWCB hearing determination, Mr. Sloan's hostility against Mr. Feazell and Mr. Sagert appears to have increased rather than abated. CESS should not be required to give Mr. Sloan documents that he could use to republish defamatory allegations, or which could impair the expectations of individuals who were commenting on sensitive personnel matters or investigatory issues as part of their employment duties.[2]

Mr. Sloan has stated he will never agree to a protective order. ("I have never signed a protective order with the defendant nor do I intend to.")(Docket #66 at 2). He assumes the purpose of the order offered by CESS is an ulterior or improper one. The refusal to agree to protections is a valid

---

[2] CESS has made available or released all of Mr. Sloan's authored documents, without "confidentiality" protections. Naturally, Mr. Sloan is allow to make statements of personal belief, and to read whatever documents on the subject that he

---

Sloan v. Chugach Eareckson Support Services, JV
Case No.: 3:05-cv-00295-TMB
CESS' Opposition Memorandum on Plaintiff's Motion for Default
Page 7 of 9

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

basis for denying production.  Mr. Sloan's communications reinforce CESS' concerns that privacy interests will be disregarded.  Accordingly, production should be denied unless and until Mr. Sloan agrees to reasonable protections and exercise of reasonable diligence.

Mr. Sloan has just invited undersigned counsel to call him or write to him about the confidential documents dispute.  Undersigned counsel is no longer willing to engage in unsupervised telephone conferences with Mr. Sloan, because conversations seem only to increase controversy.  A detailed letter explaining CESS' purpose for proposing the drafted protective order was sent 5 weeks ago, with no resulting understanding.[3]  Accordingly, CESS requests that if the court believes Mr. Sloan is entitled to any "confidential" records, that a status hearing or argument be scheduled in which Mr. Sloan confirms his understanding of the concept, on the

---

transmitted to CESS or its lawyers.  See, e.g., numerous items listed on Exhibit B hereto.

[3]  As CESS explained in its January 23, 2007 letter:  "We have also taken out documents that are of the type that could implicate the privacy of other individuals or CESS employees.  We do not know which, if any, of these documents you might already have copies of.  However, we believe that these documents are entitled to some protection against misuse.  You can receive these documents if you sign the simplified protective order enclosed herewith.  We need to file it with the court if you sign it.  Then we will send you the documents, stamped "confidential."

---

Sloan v. Chugach Eareckson Support Services, JV
Case No.: 3:05-cv-00295-TMB
CESS' Opposition Memorandum on Plaintiff's Motion for Default
Page 8 of 9

record. A protective order could be then entered, with some probability of genuine understanding. The simplified protective order contained in CESS' January 23, 2007 letter (Docket #43, Exhibit A) is filed electronically herewith for the court's use if needed, as an alternative order.

Dated this 2nd day of March, 2007, at Anchorage Alaska.

LANDYE BENNETT BLUMSTEIN LLP
Attorneys for Chugach Eareckson
Support Service, JV


s/Kim Dunn
Kim Dunn
Landye Bennett Blumstein LLP
701 West Eighth Avenue, Suite 1200
Anchorage, Alaska 99501
Telephone (907) 276-5152
Facsimile (907) 276-8433
E-mail: kimd@lbblawyers.com
Alaska Bar No. 8511153

Certificate of Service

On March 2, 2007, a true and correct
copy of the foregoing document was sent
by mail to the following:

Thomas M. Sloan
835 West Vine Street
San Bernardino, CA 92410

s/Kim Dunn
Kim Dunn

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

Sloan v. Chugach Eareckson Support Services, JV
Case No.: 3:05-cv-00295-TMB
CESS' Opposition Memorandum on Plaintiff's Motion for Default
Page 9 of 9