Kim Dunn
Landye Bennett Blumstein LLP
701 West Eighth Avenue, Suite 1200
Anchorage, Alaska 99501
Telephone (907) 276-5152
Facsimile (907) 276-8433
E-mail: kimd@lbblawyers.com
Alaska Bar No.: 8511153

Attorneys for Chugach Eareckson Support Service, JV

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THOMAS M. SLOAN,<br><br>                Plaintiff,<br><br>   v.<br><br>CHUGACH EARECKSON SUPPORT<br>SERVICES JV<br><br>                Defendant. | Case No. 3:05-cv-00295-TMB |

**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
FOR LACK OF JURISDICTION FILED BY CESS**

Over four months ago, Chugach Eareckson Support Services (CESS) moved to dismiss this action for lack of subject matter jurisdiction. Plaintiff has now opposed on the ground that the individuals involved in his termination were Caucasian, not Alaska Native, and that the actions against him were not motivated by Alaska Native preference goals.

In addition, plaintiff has submitted an affidavit stating that the witnesses against him had other motives, apart from sexual discrimination, for mistreating him.

1. <u>The Title VII exemption is not limited to affirmative Native preference programs</u>.

Plaintiff contends that because his retaliating co-workers were not Alaska Native by race, Title VII jurisdiction is available. This argument ignores the original exemption Congress adopted for tribes in 1964, several years before ANCSA, as well as the exemption's well-established interpretation. <u>Dille v. Council of Energy Resource Tribes</u>, 801 F.2d 373 (10th Cir. 1986)(non-profit tribal corporation exempt); <u>Pink v. Modoc Indian Health Project, Inc.</u>, 157 F.3d 1185 (9th Cir. 1998)(off-reservation tribal health corporation exempt); <u>Barnes v. Bristol Bay Area Health Corp.</u>, Case No. A92-459 Civil HRH (U.S. District Ct., Alaska 1993) (<u>Dille</u> applied to Alaska tribally-operated health corporation).

When Congress adopted the exemption for tribes, it did not know that ANCSA corporations would be authorized seven years later. Since ANCSA's adoption, Congress has repeatedly concluded that ANCSA corporations should qualify as federally-recognized tribes. By the ANCSA/Title VII amendments passed in 1988 and 1992, Congress clarified that ANCSA corporations

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

were no different from reservation-based tribes, which are exempt from Title VII for all purposes.

Although the Title VII exemption for ANCSA corporations permits the application of shareholder or Alaska Native preference, its purpose is broader. The exemption acknowledges the autonomy, political status, and self-governance of tribes, not just the practice of hiring tribal members first. In adopting later employment laws that did not address race discrimination, Congress took the same approach to exemption: *see, e.g.,* 42 U.S.C. § 12111(5)(B)(i) (similar exemption provided in the Americans with Disabilities Act); <u>EEOC v. Fond du Lac Heavy Equip. & Constr. Co., Inc.</u>, 986 F.2d 246 (8th Cir. 1993)(tribes exempt from ADEA suits brought by tribal members); <u>EEOC v. Cherokee Nation</u>, 871 F.2d 937 (10th Cir. 1989)(tribes exempt from the ADEA). Moreover, the Title VII exemption was adopted over a decade before the Indian Self-Determination and Education Assistance Act (ISDEAA) in 1974. The ISDEAA is the main federal law addressing "Indian Preference" hiring and contracting. <u>See</u>, e.g. <u>Alaska Chapter, Associated General Contractors of America, Inc. v. Pierce</u>, 694 F.2d 1162 (9th Cir. 1982) (addressing legality of federal agency interpretation of Indian Preference law).

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

The exemption should be applied by its clear terms. Plaintiff has offered no plausible argument for retaining jurisdiction.

2. *Plaintiff's Affidavit Fails to Establish any other Basis for Jurisdiction.*

As explained in the opening brief, plaintiff has alleged that on or about June 26, 2003, he was sexually harassed by his new supervisor, who later retaliated against him for rejecting the June overtures. Mr. Sloan ultimately left Shemya on October 29, 2003.

Plaintiff offers an affidavit, largely speculative and with little apparent basis in personal knowledge, to suggest that CESS employees were engaged in retaliation for competitive purposes, because he had the better mastery of electronics. Without referring to any basis for federal jurisdiction, plaintiff alleges that:

(1) One co-worker was reported as smoking pot (two months before Mr. Sloan suffered alleged sexual overtures);

(2) Two co-workers damaged the radio system and nearly caused a crash (4-6 weeks before the alleged sexual harassment);

(3) In July, while Mr. Sloan was off-island, CESS had problems with the United States Army Corps of Engineers, and Boeing, due to mistakes or nonperformance (this took place after Mr. Sloan suffered alleged sexual harassment);

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

(4) On his return to Shemya in late July, Mr. Sloan was appointed to "General Chamberlain's action panel" because of his radio knowledge;

(5) Mr. Sloan's advanced qualifications "threatened" his two co-workers, who then retaliated against him with slander and "falsification of background."

Even if these allegations could be deemed true for the purposes of Mr. Sloan's dismissal, they would not establish jurisdiction. No federal statute, jurisdictional law, or question of federal common law is referenced. Contractual matters in employment contract are typically the domain of the state courts, not the federal system.

Read in the light most favorable to him, Mr. Sloan's affidavit suggests that the employer potentially violated the covenant of good faith and fair dealing. The covenant is a contract term implied from the employment relationship, that is fully recognized by the Alaska state courts.

If Mr. Sloan chose to model a tort claim from his employment-related allegations, such claims would likewise be entertained only in the state courts of general jurisdiction. Clearly, his allegations of injury to his reputation are tort claims, which are handled by the state rather than federal courts.

CESS is not aware of any federal statute that prohibits the conduct on which Mr. Sloan asserts his claims. Mr. Sloan

is responsible for establishing jurisdiction by probative evidence and competent pleading. Forty-two months have elapsed since the alleged events. Mr. Sloan has had ample time to prepare his case, marshal the evidence, perform discovery, and amend his pleadings. He has already litigated virtually the same issues in a prior proceeding. Despite time, motivation, and effort, he has not found grounds for jurisdiction. The complaint should therefore be dismissed.

Dated this 5th day of March, 2007 at Anchorage, Alaska.

                    LANDYE BENNETT BLUMSTEIN LLP
                    Attorneys for Chugach Earckson
                    Support Services JV

                    s/Kim Dunn
                    Kim Dunn
                    Landye Bennett Blumstein LLP
                    701 West Eighth Avenue, Suite 1200
                    Anchorage, Alaska 99501
                    Telephone (907) 276-5152
                    Facsimile (907) 276-8433
                    E-mail:kimd@lbblawyers.com
                    Alaska Bar No. 8511153

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

Certificate of Service

On March 5, 2007, a true and correct copy of the foregoing document was sent by U.S. Mail to the following:

Thomas M. Sloan
835 West Vine Street
San Bernardino, CA 92410


s/Kim Dunn
Kim Dunn

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

Sloan v. CESS
Case No.: 3:05-cv-00295 TMB
Reply to Plaintiff's Opposition to Motion to Dismiss for Lack of Jurisdiction Filed by CESS
Page 7 of 7