IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THOMAS M. SLOAN,<br><br>    Plaintiff,<br><br>vs.<br><br>CHUGACH EARECKSON SUPPORT SERVICES JV,<br><br>    Defendant. | Case No. 3:05-cv-00295-TMB<br><br><u>ORDER OF DISMISSAL</u> |

On August 12, 2005, Thomas M. Sloan, representing himself, filed a federal employment discrimination case in the Central District of California, "under Title VII of the Civil Rights Act of 1964," alleging that the defendant, Chugach Eareckson Support Services JV (CESS) "allowed a change of conditions that made working conditions intolerable [by encouraging] sexual harassment, racial discrimination and violent assault" upon Mr. Sloan by other employees of CESS on a United States Air

Force installation on Shemya Island, Alaska.[1] The case was transferred to this Court on December 19, 2005.[2]

Since that time, the parties have filed numerous motions, mostly involving discovery,[3] and CESS has filed a motion to dismiss for lack of subject matter jurisdiction.[4] Mr. Sloan has responded to that motion and CESS has replied.[5] The motion to dismiss is now at issue.

As a federal court, this Court is a court of limited, as opposed to general, jurisdiction. It has authority to hear only specified classes of cases, and the Court is required to strictly construe its jurisdiction.[6] It is Mr. Sloan's burden, as the plaintiff, to show that the Court has jurisdiction to hear his claims,[7] and he has failed to do so.[8]

---

[1] See Docket No. 1.

[2] See Docket No. 16.

[3] See Docket Nos. 41-56, 58-63, 66-70, 73, 76, 77, 79, 84, 85.

[4] See Docket Nos. 39, 40.

[5] See Docket Nos. 64, 65, 74; see also Docket Nos. 80-83 (Mr. Sloan's unauthorized "reply" to CESS's reply. See D.Ak.LR 7.1(b)).

[6] See Lowdermilk v. U.S. Bank National Ass'n, ___ F.3d. ___, 2007 WL 678221 at *3 (9th Cir. March 2, 2007).

[7] See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994); Hunter v. Kalt, 66 F.3d 1002, 1005 (9th Cir. 1995).

[8] See Lowdermilk at *3 ("[I]t is well established that the plaintiff is the 'master of her complaint'") (citations omitted).

The defendant claims, and Mr. Sloan does not dispute, that it is a "joint venture owned 51% by Chugach Alaska Corporation, an Alaska Native Regional Corporation formed under the Alaska Native Claims Settlement Act (ANCSA)."[9]  In August, 2003, Mr. Sloan brought claims of employment discrimination and sexual harassment before the Alaska State Commission on Human Rights and the EEOC.[10]  In April, 2005, the Alaska State Commission on Human Rights issued its finding that there was no substantial evidence of discrimination, and told Mr. Sloan that he had 30 days in which to appeal; and in May, 2005, the EEOC adopted those findings and told Mr. Sloan that he had 90 days in which to bring suit under federal law in federal or state court.[11]  Mr. Sloan filed a timely lawsuit in federal court under Title VII.[12]

As CESS points out, however, it is not covered by Title VII.[13]  43 U.S.C. § 1626(g) states as follows:

> For the purposes of implementation of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000a et seq.] a Native Corporation and corporations, partnerships, joint ventures, trusts, or affiliates in which the Native Corporation owns not less than 25 per centum of the equity shall be within the class of entities excluded from the definition of "employer" by

---

[9] Docket No. 40 at 2, and attached affidavit; *see also* Docket Nos. 64, 65 (Opposition to Motion to Dismiss, and Affidavit of Thomas Sloan).

[10] *See* Docket No. 40 at 2-3, undisputed.

[11] *See id.* at 4-5, undisputed.

[12] *See* Docket No. 1.

[13] *See* Docket No. 40 at 5-8.

ection 701(b)(1) of Public Law 88-352 (78 Stat. 253), as amended [42 U.S.C.A. § 2000e(b)(1)], or successor statutes.[14]

Therefore, although Mr. Sloan may have an action under state law,[15] as suggested by CESS,[16] this Court has no jurisdiction to hear a Title VII employment discrimination case against an ANCSA corporation.

**IT IS THEREFORE ORDERED:**

1.  This action is DISMISSED without prejudice to Mr. Sloan bringing a lawsuit in an appropriate state court involving the same parties and factual issues involved in this case.[17]

2.  All outstanding motions are moot.

---

[14] *See also Malabed v. North Slope Borough*, 42 F.Supp.2d 927 (D.Alaska 1999) ("ANCSA corporations are themselves exempted from Title VII."), *aff'd*, 335 F.3d 864 (9th Cir. 2003); *Hishon v. King & Spaulding*, 467 U.S. 69, 77-78 n. 11 (1978) ("Congress expressly exempted Indian tribes and certain agencies of the District of Columbia from Title VII," citing 42 U.S.C. 2000e(b)(1)).

[15] *See, e.g., Perkins v. Doyon Universal Services, LLC*, 151 P.3d 413, 415 (Alaska 2006) ("Perkins filed a complaint with the Alaska State Commission for Human Rights, claiming Doyon [owned by Doyon, Limited, an ANCSA corporation] had discriminated against him on the basis of race when it failed to hire him for either position. ... In January 2004 Perkins sued Doyon in the superior court, alleging discrimination." Although the court found that Doyon had legitimate, non-discriminatory reasons for its hiring decisions, there was no dispute regarding subject-matter jurisdiction).

[16] *See* Docket No. 40 at 8.

[17] This Court makes no determination as to any state statute of limitations issues or as to whether these proceedings tolled any limitations period under Alaska state law.

DATED this 3rd day of April, 2007,  at Anchorage, Alaska.

/s/TIMOTHY M. BURGESS
United States District Judge